IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

TRANSAMERICA LIFE INSURANCE
COMPANY,

           Plaintiff,

- against -

DAVID HIRSCHMAN,

           Defendant.

------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2015
```

Civil Action No. 15-cv-9036 (NSR)

**STIPULATION AND CONSENT**
**INJUNCTION ORDER**

WHEREAS, on November 17, 2015, plaintiff Transamerica Life Insurance Company ("Plaintiff" or "Transamerica") moved by Order to Show Cause for a temporary restraining order ("TRO"), expedited discovery, and a preliminary injunction against defendant David Hirschman ("Defendant" or "Hirschman"), based upon allegations that Hirschman misappropriated certain of Transamerica's confidential, proprietary and trade secret information in violation of his legal obligations to Transamerica, among other claims[1];

WHEREAS, on November 17, 2015, the Court granted Transamerica's application for a TRO and expedited discovery, and initially scheduled a hearing for a preliminary injunction on November 20, 2015, which was later continued by consent of the parties and Order of the Court to December 1, 2015, at 11:30 a.m.

WHEREAS, the parties desire without waiver of the parties' claims or defenses, all of which are preserved, to resolve Plaintiff's application in order to avoid the time and expense of further briefing and oral argument with respect thereto;

---

[1] Transamerica commenced this action and moved by Order to Show Cause for a TRO subsequent to Hirschman's consent to permit a forensic analyst of Transamerica's choosing to image his personal and home computer, cell phone and access to his personal email accounts, pursuant to an agreement entered by the parties on November 10, 2015.

22786097v.1

WHEREAS, Hirschman specifically denies any malfeasance;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, that the application of Plaintiff for a preliminary injunction is consensually resolved in accordance with the terms below:

1. Pending a final determination on the merits of Plaintiff's claims, or unless otherwise ordered by the Court, Hirschman, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him (including any agents, representatives, associates, and/or employees), consent to this order:

   A. Enjoining them from directly or indirectly accessing, disclosing, reproducing, transmitting, or otherwise or using any confidential, proprietary and/or trade secret information of any kind, nature or description belonging to Transamerica, including, but not limited to, information relating to Transamerica's pricing model, pricing strategies, detailed financial information, cost information, margin information, and similar information;

   B. Directing them not to destroy and directing them to return to Transamerica all originals and copies of all files, devices, documents, e-mails and/or data that contain or relate to Transamerica confidential, proprietary and/or trade secret information, including Transamerica's pricing model and other similar information, in any computer or electronic storage device, including without limitation, all e-mail accounts, cloud storage, computers, electronic media, tablets, and PDAs;

   C. Directing them to produce for imaging and inspection all computers and other electronic storage devices (including cellular phones, tablets, external hard drives and flash drives) capable of storing information belonging to, under the control of, accessible to, or operated by them, to the extent not already produced to Transamerica, and shall cooperate with the disclosure of passwords for all devices, accounts and/or files, if any; and

   D. Directing them to provide a sworn statement(s) and accounting(s) of the whereabouts of all Transamerica property, including all files, data, and/or information removed, downloaded, transferred, printed, accessed or e-mailed from Transamerica computers or computer network, including, but not limited to, all information e-mailed, copied, exported, downloaded, transferred or printed by Hirschman after August 1, 2015.

2. Pending a final determination on the merits of Plaintiff's claims, or unless otherwise ordered by the Court, Hirschman, and all parties in active concert or participation with

2

22786097v.1

them (including any agents, representatives, associates and/or employees), shall preserve, and not destroy, damage or alter in any way, all potentially relevant evidence in this action of any nature, whether electronically or otherwise.

3.  The terms of this Stipulation and Consent Order is in addition to and does not supersede the parties' Forensic Inspection Protocol, agreed to by the parties on November 10, 2015.

IT IS FURTHER STIPULATED AND AGREED that service of the Summons and Complaint upon Hirschman was made on November 18, 2015; and

IT IS FURTHER STIPULATED AND AGREED that the parties have entered into this Stipulation and Consent Injunction Order without prejudice to any of their respective rights, remedies, or positions in this action; and

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed by facsimile or PDF and in counterparts that together shall constitute one and the same and may be filed without further notice with the Clerk of the Court.

| SEYFARTH SHAW LLP | LAW OFFICES OF RICHMAN HILL & ASSOCIATES PLLC |
|---|---|
| By: _____<br>James S. Yu, Esq.<br>620 Eighth Avenue<br>New York, New York 10018-1405<br>(212) 218-5500<br>Attorneys for Plaintiff<br>Sell It Social, LLC | By: _____<br>Stacey Richman, Esq.<br>2027 Williamsbridge Road<br>Bronx, New York 10461<br>(718) 892-8588<br>Attorneys for Defendant<br>David Hirschman |
| Dated: November 30, 2015 | Dated: November 30, 2015 |

IT IS SO ORDERED:

DATED this 30th day of November, 2015.

_____
HON. NELSON S. ROMAN, U.S.D.J.